**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CHARLES SMITH,**

      **Petitioner,**

**vs.**

                                         **CASE NO. 4:10cv175-MP/WCS**

**KENNETH S. TUCKER, Secretary,
Florida Department of Corrections,[1]**

      **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

      This is a petition for writ of habeas corpus filed by Charles Smith pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner challenges his conviction for second degree murder with a firearm, case number 2002 CF 180,  in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida.  *Id.*

      Respondent filed a motion to dismiss the petition as untimely filed, attaching portions of the record.  Doc. 19.  References herein to exhibits are to the record filed electronically.  Petitioner filed a response to the motion.  Doc. 20.

_____

      [1] On August 24, 2011, Kenneth S. Tucker succeeded Edwin G. Buss as the Secretary of the Florida Department of Corrections, and is automatically substituted as Respondent.  Fed.R.Civ.P. 25(d).

**Legal analysis**

Petitioner concedes that Respondent is correct: that this petition is untimely filed. Doc. 20, p. 2.  He makes several arguments to avoid this problem, including entitlement to equitable tolling.

This § 2254 petition was "filed" on May 6, 2010, when Petitioner placed it into the mailing system at his prison.  Doc. 1, p. 1.

There is a one year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates.[2]   A conviction is not final until the expiration of a 90 day period for seeking certiorari review in the United States Supreme Court, or the conclusion of such review, whichever is later.  Nix v. Secretary for Dept. of Corrections, 393 F.3d 1235, 1237 (11th Cir.  2004), *cert. denied*, 545 U.S. 1114 (2005); Pugh v. Smith, 465 F.3d 1295, 1298-1299 (11th Cir. 2006); Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003) (also noting that the 90 days is counted from the date of the opinion on direct appeal rather than the mandate).[3]  "[T]he

---

[2] The limitations period runs from the latest of specified dates, which also include (in addition to that quoted above): the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was initially recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered by due diligence.  § 2244(d)(1)(A)-(D).

[3] The 90 days for seeking certiorari runs from the date of the opinion, not the mandate, or (if a petition for rehearing is timely filed) from the denial of rehearing or (if rehearing is granted) the subsequent entry of judgment.  S.Ct. Rule 13(3).  In computing time, the event that begins the period is excluded, and the last day is included unless it is a Saturday, Sunday, legal holiday, or day on which the court is closed or inaccessible.  S.Ct. Rule 30(1); Fed.R.App.P. 26(a); Fed.R.Civ.P. 6(a).

limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (citations omitted).

Respondent sets forth the history of Petitioner's state court litigation.  The judgment was affirmed on direct appeal on November 22, 2004.  Ex. E.  The AEDPA one year period began 90 days later, on February 20, 2005, because Petitioner did not seek certiorari in the United States Supreme Court.

The AEDPA period ran for 127 days until June 27, 2005, when Petitioner submitted a Rule 3.850 motion to prison officials for mailing.  Ex. F.  The Rule 3.850 was denied on July 12, 2006.  Ex. L.

Petitioner appealed.  Ex. M.  On March 17, 2008, Petitioner moved for the appellate court to relinquish jurisdiction so that he could return to the trial court to obtain a ruling on ground one in his Rule 3.850 motion, that his trial attorney had been ineffective with respect to the motion for judgment of acquittal.  Ex. O.  The docket in the First District Court of Appeal reflects that this motion was denied on April 3, 2008.  *Id.*

In his brief on appeal, Petitioner did not argue that the trial court erred in denial of ground one, that his attorney was ineffective with respect to the motion for judgment of acquittal.  Instead, he argued as ground three on appeal that the trial court had erred by failing to issue an order ruling on that claim.  Ex. P, pp. 4, 28-29.  However, in that argument, Petitioner admitted that at the beginning of the evidentiary hearing on the Rule 3.850 motion, the trial court announced that it had denied the other grounds by prior order.  *Id.*, p. 29.  Petitioner argued that this was untrue, that there was no written order denying ground one, and asked for a remand.  *Id.*

On March 11, 2009, the lower court's ruling was affirmed without opinion.  Ex. Q.

The mandate issued on April 7, 2009.  *Id.*  Absent further tolling activity, the one year

AEDPA period would expire 238 days later, on December 1, 2009.

Meanwhile, a year earlier, shortly after filing the motion to relinquish jurisdiction,

on March 28, 2008, Petitioner filed an "amended motion for post-conviction relief" in the

trial court.  Ex. R.  On April 16, 2008, Petitioner also filed a motion in the trial court

asking that the court hold in abeyance the amended Rule 3.850 motion.  Ex. S.  On

March 18, 2009, shortly after denial of the appeal, Petitioner filed a motion in the trial

court "requesting a ruling on ground one of" Petitioner's Rule 3.850 motion.  Ex. T.

The trial court denied this latter motion, finding that the trial court had orally

declared that ground one of the initial Rule 3.850 motion had been denied prior to the

July 11, 2006, evidentiary hearing on grounds two and three.[4]   Ex. U.  The court also

denied the motion because the order of July 12, 2006, denied the entire Rule 3.850

motion, effectively including ground one in the denial, and the appellate court had

denied leave to return to the trial court for a ruling on ground one.  *Id.*  This ruling was

affirmed without opinion and the mandate issued on April 22, 2010.  Ex. X.

"In order to statutorily toll the running of the limitations period, an application for

state collateral relief must be 'properly filed' under state law.  *See* 28 U.S.C. §

2244(d)(2); *Allen v. Siebert*, 552 U.S. 3, 128 S.Ct. 2, 169 L.Ed.2d 329 (2007); *Artuz v.*

*Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)."  Chavez v. Secretary

---

[4] At the beginning of the evidentiary hearing, the circuit court declared that all
other grounds had been denied by a prior order.  Ex. T, R. 47.

<u>Florida Dept. of Corrections</u>, 647 F.3d 1057, 1064 n. 8 (11th Cir.  2011), *pet. cert. filed*,

(Oct 20, 2011)(No. 11-7007).

> According to the Supreme Court, an application is "properly filed" under §
> 2244(d)(2) "when it is delivered to, and accepted by, the appropriate court
> officer for placement into the official record."  *Artuz v. Bennett*, 531 U.S. 4,
> 8, 121 S.Ct. 361, 363, 148 L.Ed.2d 213 (2000).  The term "properly filed"
> thus refers to the application's "compliance with the applicable laws and
> rules governing filings." *Id.* at 8, 121 S.Ct. at 364.  For example, the filing
> requirements typically include "the form of the document, *the time limits
> upon its delivery*, the court and office in which it must be lodged, and the
> requisite filing fee."  *Id.* (footnote omitted).

<u>T</u>hompson v. Secretary, Dept. of Corrections, 595 F.3d 1233, 1236 (11th Cir. 2010)

(emphasis added).

    28 U.S.C. § 2244(d)(2) provides: "The time during which a properly filed

application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection."  The initial Rule 3.850 motion, which was "properly

filed," was no longer "pending" in state court after April 7, 2009, when the mandate

issued denying the Rule 3.850 appeal.[5]  Any other construction of the word "pending"

would lead to uncertainty, as a petitioner could extend the time for filing a § 2254

petition in federal court indefinitely by filing repeated improper motions in state court to

try to revive his defunct Rule 3.850 motion (or direct appeal, for that matter).

---

    [5] The appellate court had not relinquished jurisdiction, and the trial court had no
jurisdiction to entertain the amended Rule 3.850 motion when it was filed.  <u>Omasta v.
State</u>, 830 So. 2d 261 (Fla. 2d DCA 2002).  Further, the appellate refused to relinquish
jurisdiction, denying the motion to relinquish, and then resolved the appeal against
Petitioner, denying his claim that the trial court had failed to rule on ground one of his
Rule 3.850 motion.  That was the end of the first Rule 3.850 motion.

Thus, the amended Rule 3.850 motion has to be viewed as another motion, not a continuation of that which had been laid to rest with the mandate on April 7, 2009. It was not "properly filed" because it was not under oath as required by Rule 3.850(c). Ex. R, p. 10; <u>Hurley v. Moore</u>, 233 F.3d 1295, 1297-1298 (11th Cir. 2000).[6]

Petitioner argues that he is entitled to equitable tolling. He contends in ground four of this § 2254 petition that the state court's failure to adjudicate the first claim he presented in his initial Rule 3.850 petition "may have had an adverse effect on the timely filing of the instant Petitioner and as a result, extraordinary circumstances exists [sic] that would justify equitable tolling." Doc. 1, p. 8. Petitioner asserts that ground four of his § 2254 petition was ground one in his Rule 3.850 motion. *Id.*, p. 7. As he did in the state court of appeals, he asserts that the Rule 3.850 court held a hearing on grounds two and three of the Rule 3.850 motion, and then denied the Rule 3.850 motion without mentioning the grounds denied. *Id.* When Petitioner appealed, he thought that the trial court had not "issued any written order denying Ground one of the amended motion." *Id.*, p. 8. He asked the appellate court to relinquish jurisdiction to permit him to return to obtain a ruling, but that was denied and the lower court's denial of the Rule 3.850 motion was affirmed without opinion. *Id.*

---

[6] It was arguably not properly filed because, by then, as a second Rule 3.850 motion, it was untimely. Petitioner had two years from the date his judgment and sentence became final to file a Rule 3.850 motion. FLA. R. CRIM. P. 3.850(b). Since Petitioner's motion to amend did not allege any facts to show one of the three exceptions to this statute of limitations, Ex. R, was untimely because filed "well over two years after his conviction became final," it was not properly filed and did not toll the AEDPA one year period of limitations. <u>Drew v. Department of Corrections,</u> 297 F.3d 1278, 1284-1285 (11th Cir.(Fla.) Jul 18, 2002), *cert. denied*, 537 U.S. 1237 (2003).

Section 2244(d) is subject to equitable tolling.  Holland v. Florida, 560 U.S. __,
130 S.Ct. 2549, 2560, 177 L.Ed2d 130 (2010).  "The burden of proving circumstances
that justify the application of the equitable tolling doctrine rests squarely on the
petitioner.  Mere conclusory allegations are insufficient to raise the issue of equitable
tolling."  San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir.), *cert. denied*, 132 S.Ct.
158 (2011).

For equitable tolling to apply, Petitioner must show "(1) that he has been
pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 and n. 8, 125 S.Ct. 1807, 1814 and n. 8,
161 L.Ed.2d 669 (2005) (citations omitted); Lawrence v. Florida, 549 U.S. 327, 336, 127
S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting Pace); Holland v. Florida, 130 S.Ct.
at 2562 and 2565.  A negligent mistake made by a *pro se* petitioner does not give rise to
equitable tolling.  Murphy v. United States, 634 F.3d 1303, 1306 (11th Cir. 2011).
Indeed, a negligent mistake made by a petitioner's lawyer does not equitably toll the one
year period.  Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166
L.Ed.2d 924 (2007).[7]

Petitioner has not shown entitlement to equitable tolling.  As noted above, when
he filed his brief in the First District Court of Appeal, Petitioner admitted that at the
beginning of the evidentiary hearing on the Rule 3.850 motion, the trial court said that it
had denied all other claims in a prior order.  When the First District Court of Appeal

---

[7] In Sandvik Sandvik v. United States, 177 F.3d 1269 (11th Cir. 1999), the court
found equitable tolling not justified for a § 2255 motion filed beyond the one year
AEDPA period, where counsel mailed the § 2255 motion by regular mail less than a
week before it was due, and though mail delay was beyond his control, the problem
could have been avoided.  177 F.3d at 1272.

refused to relinquish jurisdiction, refused to remand, and affirmed the denial of his Rule 3.850 motion, he could have filed his § 2254 petition in this court. Petitioner has not shown that some extraordinary circumstance stood in his way to file a § 2254 petition in this court. Even without an explicit ruling on his Rule 3.850 ground one, Petitioner had fairly presented the claim, had taken an appeal, and he did not need to do more to exhaust state court remedies.[8]

Thus, the AEDPA one year period continued to run from October 28, 2010, without legal or equitable tolling, and ended on December 1, 2009. Petitioner did not file this § 2254 petition until April 21, 2010. Therefore, the petition is untimely.

**Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2254 Rule 11(b).

I find no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, I recommend that the court deny a certificate of appealability in its final order.

_____

[8] A state prisoner must first present all federal claims in state court. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999). He "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." 526 U.S. at 845, 119 S.Ct. at 1732; Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (applying this "one complete round" requirement to the state collateral review process as well as direct appeal).

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

 **Conclusion**

Accordingly, it is **RECOMMENDED** that Respondent's motion to dismiss, doc. 19, be **GRANTED**, that this petition for writ of habeas corpus filed by Charles Smith pursuant to 28 U.S.C. § 2254, for second degree murder with a firearm, case number 2002 CF 180,  in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida,  be **DISMISSED WITH PREJUDICE as untimely filed** and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on December 5, 2011.


**s/     William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**